UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES VOISIN,** *ET AL.* | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-1595** |
| **UNITED STATES OF AMERICA,** *ET AL.* | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS ORDERED** that the Motion to Reconsider filed by plaintiffs (Document 59) is **DENIED**. The Motion to Reconsider filed by the United States is **DENIED** (Document 62). The Motion to Dismiss filed by Louisiana Land and Exploration Company (LL&E) (Document 60) is **GRANTED**.

A.   Background.

Plaintiffs allege that they are among the direct descendants of Jean Voisin, who was bestowed an "Order of Survey" in 1788 granting him the exclusive right to an uninhabited island off the coast of Louisiana known as "L'Isle Longue" or "Last Island." Despite Voisin's "Order of Survey," both the federal land office in New Orleans and, later, the State of Louisiana sold parts

1

of L'Isle Longue to third parties, including the predecessors of defendant Louisiana Land and Exploration Company (LL&E).  In 1997, the island was donated by LL&E to the State of Louisiana.

Plaintiffs filed suit on April 26, 2005, seeking certification of a class consisting of all of Voisin's heirs, and a declaration that any and all acts transferring L'Isle Longue to anyone other than the Voisins are null and void.  Plaintiffs also seek an award for all damages incurred by the Voisins as a result of any such acts.  Plaintiffs' suit named as defendants the State of Louisiana, the United States of America, and LL&E.

On March 29, 2006, the court (1) dismissed plaintiffs' claims against Louisiana pursuant to the Eleventh Amendment, and (2) transferred plaintiffs' claims against the United States to the Court of Federal Claims pursuant to 28 U.S.C. § 1631.  Plaintiffs and the United States have moved to clarify and reconsider the court's ruling, and LL&E has moved to dismiss plaintiffs' remaining claims.

**B.    Plaintiffs' Motion to Reconsider.**

Plaintiffs argue that the court erred in transferring their declaratory judgment claim against the United States to the Court of Federal Claims because that court may not issue declaratory judgments.

Because the declaratory judgment statute does not waive the sovereign immunity of the United States,[1] this court has no jurisdiction over plaintiffs' declaratory judgment claim

---

[1] *Progressive Consumers Federal Credit Union v. United States*, 79 F.3d 1228, 1230 (1st Cir. 1996); *Shaffer v. Commissioner of Internal Revenue*, 515 F. Supp. 748, 752 (E.D. La. 1981); *Boren Swindell & Assoc. v. Friedman*, 2006 WL 739990, at *3 (N.D. Tex. March 23, 2006); *Carter v. United States*, 2005 WL 2243551, at *2 (W.D. La. Sept. 13, 2005).

regardless of whether that claim is cognizable in the Court of Federal Claims.  Additionally, it is not clear whether the Court of Federal Claims' general inability to grant equitable relief would prevent it from granting a declaratory judgment to plaintiffs in this action.  *See Dwen v. United States*, 62 Fed. Cl. 76, 81 (Ct. Fed. Cl. 2004) (holding that Court of Federal Claims possessed authority to issue declaratory judgment that "is tied and subordinate to a monetary award").[2]  Accordingly, plaintiffs' motion to reconsider is denied.

**C.     The United States' Motion to Reconsider.**

The United States argues that the court should have dismissed plaintiffs' claim under the Tucker Act on prescription grounds instead of transferring it to the Court of Federal Claims.  Because this court lacks jurisdiction over plaintiffs' Tucker Act claim, it is inappropriate to rule on the merits of the claim, and the defenses of the United States may be asserted in the transferee court.  Accordingly, the United States' motion to reconsider is denied.

**D.     LL&E's Motion to Dismiss (Document 60).**

The court's March 29, 2006 Order and Reasons dismissed plaintiffs' claim against the State of Louisiana pursuant to the Eleventh Amendment of the United States Constitution.  LL&E argues that the State of Louisiana is an indispensable party, and that plaintiffs' suit should be dismissed because Louisiana may not be joined as a defendant.

Rule 19(a) of the Federal Rules of Civil Procedure provides that a person is a necessary party who should be joined in a lawsuit if (1) in the person's absence, "complete relief cannot be accorded among those already parties," or (2) the person claims an interest in the subject matter

---

[2]     The court expresses no opinion on the ultimate issue of whether the Court of Federal Claims has the authority to issue declaratory relief under the facts presented in this case.

of the suit and the person's absence impairs the parties' ability to protect that interest, or subjects those in the suit to a risk of incurring double, multiple, or inconsistent obligations.  Because Louisiana is the current owner of the property at issue in this case, the state is clearly a necessary party.  Plaintiffs allege that the United States improperly allowed the state to obtain title to the land at issue, and that the state then improperly sold it to LL&E's predecessor in 1926.  LL&E donated the land to the state in 1997, retaining 50 % of the subsurface mineral rights.  If plaintiffs are correct that they owned the land at issue at all times, this necessarily means LL&E had no authority to transfer the land back to the state in 1997.  A ruling in plaintiffs' favor would cloud Louisiana's ownership of the property, and without the state's participation it will be unable to adequately protect its ownership.

Rule 19(b) provides that if a person is necessary under Rule 19(a) and cannot be joined as a party, the court must analyze the following factors to determine whether the absent person is indispensable, in which case the suit should be dismissed:

> The factors to be considered by the court include:  first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder

As the owner of the property at issue, Louisiana is an indispensable party because an adverse judgment would be inadequate and would "certainly create doubt as to the validity of its title and probably some confusion about its obligations and rights with respect to the land." *Doty v. St. Mary Parish Land Co.*, 598 F.2d 885, 887 (5th Cir. 1979).[3]  Any judgment rendered

---

[3] *See also Scoggins v. Fredrick*, 629 F.2d 426, 427-28 (5th Cir. Unit A 1980) (plaintiffs sought to set aside transfer of real property as a simulation; court held that transferor,

without Louisiana's participation may also be prejudicial to LL&E, which could potentially be subjected to conflicting obligations or rights regarding its mineral servitude if a separate tribunal were to render an inconsistent judgment concerning ownership of L'Isle Longue.  Accordingly, the court finds that Louisiana is an indispensable person who cannot be joined as a party, and LL&E's motion to dismiss pursuant to Rule 19(b) is granted.

**C.      Conclusion.**

The motions to reconsider filed by plaintiffs and the United States are denied.  LL&E's motion to dismiss is granted.

New Orleans, Louisiana this  18th  day of August, 2006.

_____
**Mary Ann Vial Lemmon**
**United States District Judge**

---

who could not be named as a defendant without destroying jurisdiction, was indispensable); *Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885, 888-89 (5th Cir. 1968) (plaintiffs sued for removal of pipeline servitude on their land; court dismissed action because absent party owned a percentage of the land, and could not be joined without destroying diversity).